IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LACROSSE FURNITURE CO., LTD.,

Plaintiff,

vs.                                            Case No. 06-2505-JTM

SHODA IRON WORKS CO., LTD., *et al.*,

Defendants.

MEMORANDUM AND ORDER

The present matter arises out of a contract dispute.  For the following reasons, the court denies defendant, Shoda Iron Works Co., Ltd.'s, motion to dismiss for lack of personal jurisdiction (Dkt. No. 8).

*I.  Factual Background:*

Defendant, Shoda Iron Works Co., Ltd. ("Shoda"), is a Japanese company located in Hamamatsu, Japan.  Shoda manufactures routers which are used by end users in the woodworking industry.

During 2005, Shoda had two distributors: Reiter Greensboro ("Reiter") and GPM Technologies Limited ("GPM").  GPM is an Illinois corporation with its principal offices located in Illinois and is owned by Tom Galzin, who resides in Illinois.  GPM is Shoda's sole distributor for the region that includes Kansas.

Tom Galzin and LaCrosse Furniture Company ("LaCrosse") were in contact with each other after LaCrosse initially tried to purchase a Shoda router through Shoda's other distributor, Reiter.  Because LaCrosse was located outside of Reiter's territory, Reiter connected GPM and LaCrosse.

On February 22, 2005, GPM submitted a proposal to LaCrosse for a titanium beta router manufactured by Shoda at a sales price of $187,835.00.  The quotation included the provision that the router would come equipped with two SC26 piggy-back drills.  The quotation also included the following provisions: 1) that the Shoda router would be delivered to LaCrosse at the "[c]ustomer's plant, complete installation and training" and (2) that "[t]his quotation and all the details enclosed is accurate and current as of the date of printing.  Shoda, however, reserves the right to alter or modify specific details enclosed as part of a continuous refinement and improvement process."  Plaintiff's Exhibits 1 and 2.

On March 31, 2005, defendant Shoda and plaintiff entered into a sales contract.  The sales contract included a cash sum due from the plaintiff in the amount of $182,835.00, shipment, and delivery to LaCrosse, Kansas.  The sales contract included Shoda's letterhead, was signed by LaCrosse, and defendant Galzin, president of defendant GPM.  Plaintiff's Exhibit 3.

Throughout the transaction, Shoda did not communicate with anyone from LaCrosse.  Shoda representatives did not meet, discuss, or visit anyone from LaCrosse.   However, plaintiff alleges that the February 22, 2005 quotation and the March 31, 2005 sales contract implied that GPM was an authorized agent of Shoda.  It further alleges that in reliance on the existence of this agency, plaintiff paid $182,835.00 for the Shoda router, to be equipped with two SC26 piggy-back drills, and other accessories.

Plaintiff filed the present action after plaintiff was advised by GPM that it could not fulfill the March 31, 2005 sales contract.  GPM advised plaintiff that it would need to make arrangements to take possession of the Shoda router in Seattle, arrange and pay for freight to Kansas, and pay Shoda's other United States agent, Reiter, for installation of the router.

The present issue for consideration is whether personal jurisdiction exists with respect to defendant Shoda.

## II.  Standard of Review:

Plaintiff bears the burden of establishing personal jurisdiction over defendant.  *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).  In order to demonstrate personal jurisdiction to defeat a motion to dismiss, a plaintiff need only make a prima facie showing that jurisdiction exists.  *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987).  The court must accept as true the allegations set forth in the complaint to the extent they are uncontroverted by the defendants' affidavits.  *Id*.  Plaintiff, however, has the "duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1367 (10th Cir. 1989).  The complaint and any affidavits submitted are to be construed, and any doubts are to be resolved, by the court, in the light most favorable to the plaintiff.  *Fed. Deposit*, 959 F.2d at 174.

## III.  Conclusions of Law:

The law of Kansas is used to determine whether the court has personal jurisdiction over a nonresident defendant as it represents "the law of the forum state."  *Yarbrough v. Elmer Bunker & Assocs.*, 669 F.2d 614, 616 (10th Cir. 1982).  In order to exercise personal jurisdiction over a

3

nonresident defendant, a court must apply a two-part test to ensure that the "exercise of jurisdiction is sanctioned by the long-arm statute of the forum state" and that due process requirements of the Constitution are satisfied. *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1304 (10th Cir. 1994) (citing Fed. R. Civ. P. 4(e)).  For the second requirement of due process, the Tenth Circuit has noted a three-part test which requires: (1) that the defendant purposefully avail himself of the benefits of conducting activities in the forum state; (2) that the defendant have sufficient contacts with the forum state that the exercise of personal jurisdiction will not offend traditional notions of fair play and substantial justice; and (3) that the quality and nature of defendant's contacts are reasonable to require him to appear in the forum state. *Smith & Loveless, Inc. v. Caicos Corp.*, 471 F. Supp. 2d 1140, 1149 (D. Kan. 2007) (citing *Rambo v. Amer. S. Ins. Co.*, 839 F.2d 1415, 1419 n. 6 (10th Cir. 1988); *Marcus Food Co. v. Family Foods of Tallahassee, Inc.*, 729 F. Supp. 753, 757-58 (D. Kan. 1990)).

The Kansas long-arm statute is construed liberally to allow jurisdiction to the full extent permitted by due process. *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994).  The Kansas long-arm statute provides:

> (1) Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individual's personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts: . . . (1) transaction of any business within this state.

K.S.A. § 60-308(b)(1).

Plaintiff argues that personal jurisdiction over defendant Shoda is appropriate pursuant to the Kansas long-arm statute because a defendant need not physically enter the state to transact

4

business.  The court agrees.  Pursuant to K.S.A. § 60-308(b)(1), "[b]usiness is transacted within

the state when an individual is within or enters this state in person or by an agent, or, through

dealing with another within the state, effectuates or attempts to effectuate a purpose to improve

his economic conditions and satisfy his desires." *Volt Delta Res., Inc. v. Devine*, 241 Kan. 775,

778 (1987).  Furthermore, with the advent of modern technology, persons no longer need to stand

in each other's physical presence to transact business. *Thermal Insulation Sys v. Ark-Seal Corp.*,

508 F. Supp. 434, 437-42 (D. Kan. 1999).

 Defendant Shoda, in response, argues that the sales contract was entered into by LaCrosse

and GPM, an alleged "independent contractor."  However, the court finds that GPM was an

apparent agent of Shoda, rendering general jurisdiction over Shoda appropriate in the present

case.  Kansas recognizes the doctrine of apparent or ostensible agency: "An ostensible or

apparent agency may exist if a principal has intentionally or by want of ordinary care induced or

permitted third persons to believe a person is his or her agent even though no authority, either

express or implied, has been actually conferred upon the agent." *Dealers Leasing, Inc. v. Allen*,

26 Kan. App. 2d 745, 755 (1999).  To determine whether an apparent agency existed, the court

will look to the intentional acts or words of the principal to a third party and if those acts or

words reasonably induced the third party to believe that an agency relationship existed. *Town

Center Shopping Center, LLC v. Premier Mortg. Funding, Inc.*, 37 Kan. App. 2d 1 (2006).

 In this case, defendant GPM acted as an apparent agent of Shoda.  On February 22, 2005,

GPM submitted and delivered to plaintiff a quotation for the Shoda router, which included the

provision that "[t]his quotation and all the details enclosed is accurate and current as of the date

of printing. **Shoda, however, reserves the right to alter or modify specific details enclosed as**

**part of a continuous refinement and improvement process**."  Plaintiff's Exh. 2 (emphasis added).  Moreover, on March 31, 2005, defendant Shoda and plaintiff entered into a sales contract, which used and bore Shoda's letterhead and was signed by LaCrosse and defendant Galzin, president of GPM.  From these actions, it is clear that apparent agency existed with respect to the transactions between plaintiff and defendant Shoda.  Thus, personal jurisdiction is appropriate because defendant Shoda has undertaken the "transaction of any business" in Kansas within the meaning of K.S.A. § 60-308(b)(1).

For the second requirement of due process, the "minimum contacts" requirement between the nonresident defendant and the forum state may be satisfied in one of two ways.  General jurisdiction exists where "defendant's contacts with the forum state are so 'continuous and systematic' that the state may exercise personal jurisdiction over the defendant, even if the suit is unrelated to the defendant's contact with the state.  *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1533 (10th Cir. 1996). Specific jurisdiction exists where the defendant "purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws."  *Id*. at 1532.

In order to determine whether specific jurisdiction is present, the court must analyze whether the defendant has such minimum contacts within the forum state "that he should reasonably anticipate being haled into court there."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  Additionally, the court must consider whether the exercise of personal jurisdiction offends "traditional notions of fair play and substantial justice."  *Asahi Metal Indus. Co. v. Superior Court of Calif., Solano County*, 480 U.S. 102, 113 (1987).  With this inquiry, a court should question whether "exercise of personal jurisdiction over a defendant with minimum

6

contacts is reasonable in light of the circumstances surrounding the case." *Pro Axess, Inc. v. Orlux Distribution, Inc*., 428 F.3d 1270, 1279 (10th Cir. 2005) (quotation omitted).

The court finds that the exercise of personal jurisdiction is reasonable in the present case because defendant Shoda possessed minimum contacts with Kansas that he could anticipate being haled into court in the state.  Moreover, the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice.  Specifically, defendant Shoda was present within the transaction because it entered into a sales contract with plaintiff through its agent, GPM.  Second, the contract was partly, if not substantially, to be performed in Kansas where the equipment was to be delivered and where Shoda, either through itself or through its agent GPM, was to provide installation and training.  The court finds that through this process, defendant Shoda had sufficient contacts with Kansas so as to not offend traditional notions of fair play and substantial justice.  Additionally, taking the facts of the case together, the court finds it reasonable to require defendant Shoda to appear and defend the present case in Kansas.  For these reasons, the court denies defendant Shoda's motion to dismiss.

IT IS ACCORDINGLY ORDERED this 14th day of August, 2007, that defendant's motion to dismiss for lack of personal jurisdiction (Dkt. No. 8) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

7