IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LACROSSE FURNITURE CO., LTD.,

Plaintiff,

vs.

Case No. 06-CV-2505-JTM

SHODA IRON WORKS CO., LTD., et. al.,

Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant Shoda Iron Works Co., Ltd.'s (Shoda)
motion to dismiss Count II of plaintiff LaCrosse Furniture Co., Ltd's (LaCrosse) complaint (Dkt.
No. 21).  For the following reasons, the court grants the motion, and denies LaCrosse's request
for leave to amend its complaint.

*I.  Factual Background*

In this multi-count contract dispute, LaCrosse alleges, among other things, that Shoda
committed fraud and made misrepresentations during contract negotiations.  This matter is before
this court due to diversity jurisdiction.

LaCrosse, located in LaCrosse, Kansas, manufactures upholstered wood furniture, while
Shoda, located in Hamamatsu, Japan, designs, develops, manufactures, and sells woodworking
machinery.  (Dkt. No. 1 ¶ 7, 8).  LaCrosse alleges that in late 2004 or early 2005, it began
contract negotiations to purchase a router, accessories, and other services from Shoda through

Shoda's authorized agent, Reiter Greensboro, Inc. (Reiter) of Greensboro, North Carolina. LaCrosse claims that during contract negotiations, Shoda instructed and required it to purchase the router through defendant GPM Technologies Limited (GPM).[1]  Subsequently, on February 22, 2005, GPM gave LaCrosse a written quotation for a router that would come equipped with two SC26 piggy-back drills for $187,835.00.  In March of that year, LaCrosse alleges it entered into a contract with Shoda whereby LaCrosse agreed to purchase the router and other accessories and services for $182,835.00.  The sales contract was on Shoda's letterhead and was signed by LaCrosse and defendant Tom Galzin, president of GPM.

Throughout the transaction, Shoda did not communicate with anyone from LaCrosse; nevertheless, LaCrosse alleges that the February quotation and March sales contract created implied authority that GPM was an authorized agent of Shoda.  LaCrosse further alleges that in reliance on the existence of that agency, it paid for the router to be equipped with two SC26 piggy-back drills and other accessories.

LaCrosse initiated the present action after GPM advised that it could not fulfill the March sales contract.  The present issue for consideration is whether LaCrosse's claim of fraud against Shoda was pled with particularity sufficient to meet the requirements of Rule 9(b).

## II.  Legal Standard

Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law.  28 U.S.C.A. § 1652; *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996)*; Erie R. Co. V. Tompkins,* 304 U.S. 64, 78 (1938); *Wade v. Emcasco Ins. Co.*,

---

[1]Reiter and GPM were the two distributors Shoda used during 2005.  GPM is owned by Illinois resident Tom Galzin and is incorporated with its principal offices located in that state.

483 F.3d 657, 665 (2007) (noting that in diversity cases, federal courts should "ascertain and apply the state law" for substantive issues). Accordingly, this court will abide by Rule 9(b)'s procedural requirement, and rely on Kansas law for the substantive elements of fraud.

Rule 9(b) provides: "[i]n all averments of fraud or mistake, the circumstance constituting fraud or mistake shall be stated with particularity . . . ." FED. R. CIV. P. 9(b). This heightened pleading standard safeguards potential defendants from a charge with moral ramifications, while reminding plaintiffs of the seriousness of the claim. *See* 5A CHARLES A. WRIGHT et al., FEDERAL PRACTICE AND PROCEDURE § 1296, at 31 (3d ed. 1998). Nevertheless, Rule 9(b) must be read in conjunction with Rule 8, which requires a simple, concise, and direct pleading. FED. R. CIV. P. 8; *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997). Accordingly, to survive a motion to dismiss, an allegation of fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (quoting *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991)). In other words, the plaintiff must set out the "who, what, where, and when" of the alleged fraud. *See Caputo v. Prof'l Recovery Servs., Inc.*, No. 00-4208, 2002 WL 576072, at *2 (D. Kan. Mar. 11, 2002).

### III.  Analysis and Discussion

Shoda argues that LaCrosse failed to set out the facts of the alleged fraud with the particularity required by Rule 9(b). Specifically, Shoda alleges that LaCrosse merely reiterates its breach of contract claim in Count I as the basis for its fraud claim in Count II, and thus failed to provide additional allegations to meet the requirements of Rule 9(b). LaCrosse responded that its fraud and intentional misrepresentation claims alleged in Count II meet the requirements of

3

the rule by adequately setting forth the time, place, and contents of the false representation, the party making the false statements, and the consequences of the alleged fraud.

In its fraud claim, LaCrosse does little more than reiterate its breach of contract claim found.  Kansas law requires that the basis for the fraud claim be different from the conduct upon which a breach of contract claim is based, and the damages must be greater than those caused by the breach of contract alone.  *Wade v. Emcasco Ins. Co.*, 483 F.3d 657, 675 (10th Cir. 2007) (holding that the allegations of fraud were indistinguishable from the breach of contract claims).  Further, "an action for breach of contract [cannot be turned] into an action for fraud by merely alleging reliance on representations that the contract would be performed and detriment from its breach."  *Brown v. Chaffee*, 612 F.2d 497, 503 (10th Cir. 1979).  Additionally, "[t]he independent tort of fraud must cause damages beyond those suffered by breach of contract."  *Heller v. Martin*, 782 P.2d 1241, 1246 (Kan. Ct. App. 1989) (citing *Mackey v. Burke*, 751 F.2d 322, 329 (10th Cir. 1984)).

LaCrosse's allegations of fraud are indistinguishable from the breach of contract claims. LaCrosse alleges, as the basis for its fraud claim, that Mr. Galzin, president of GPM, intentionally misrepresented to the plaintiffs that the "defendants would furnish and deliver to plaintiff the Shoda Router, equipped with two SC26 piggy-back rills, and other accessories and services, for the cash sum of $182,835.00, shipment and delivery CIF, LaCrosse, Kansas."  (Dkt. No. 1 ¶ 27).  LaCrosse's fraud claim is merely a claim that Shoda breached its contract that it may or may not have formed through Mr. Galzin and GPM, and that LaCrosse was injured by the defendants' failure to satisfy its contractual obligation.  Such a claim is appropriate for contractual remedies, not fraud.

4

Nor has LaCrosse alleged fraud damages distinct from those arising from the alleged breach of contract.  In its pleadings, LaCrosse alleges that the breach of contract caused damages "in excess of $75,000.00 . . . [including] $73,231.86 for direct costs associated with defendants['] failure and refusal to deliver [the router] . . . [and] damages well in excess of $10,000 for lost profits, loss of production and the like for failing to timely deliver [the router]." (Dkt. No. 1 ¶ 20(a) & 20(b)).  Similarly, the damages that it claims arose from the defendants' fraud is an "amount in excess of $75,000.00 as afore described [referencing ¶ 20]" (Dkt. No. 1 ¶ 30).  In plaintiff's motion in opposition to defendant's motion to dismiss count II, these exact figures are repeated.  (Dkt. No. 27 at 7).  Thus, the damages claimed under the breach of contract claim and the fraud claim are identical.  Because LaCrosse has failed to allege an additional injury distinct from those caused by the breach of contract, it has failed to establish an independent tort of fraud; as such, Count II should be dismissed.

Further, because LaCrosse has had ample opportunity to detail its fraud claim in both the initial complaint and the response to defendant's motion to dismiss, its motion for leave to amend its complaint upon the deposition of Mr. Galzin is denied.

IT IS ACCORDINGLY ORDERED this 17th day of December, 2007 that defendant Shoda's partial motion to dismiss count II of plaintiff's complaint (Dkt. No. 21) is granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

5